UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ILARION SVET,

        Plaintiff,

vs.                      Case No.  2:11-cv-394-FtM-29SPC

STATE OF FLORIDA DEPARTMENT OF
JUVENILE JUSTICE, and WANSLEY
WALTER, SECRETARY OF THE DEPARTMENT
OF JUVENILE JUSTICE

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #47) filed on July 27, 2012. Following a Court Order directing a response (Doc. #48), plaintiff filed a response on September 27, 2012. (Doc. #49.) For the reasons set forth below, the motion to dismiss is granted and the plaintiff's First Amended Complaint is dismissed.

**I.**

Plaintiff Ilarion Svet (Svet or plaintiff) filed a Complaint (Doc. #1) on July 14, 2011, against the State of Florida Department of Juvenile Justice (DJJ), Molly Mullin[1], and Jason Grice[2]. On July 10, 2012, the Court dismissed plaintiff's Complaint with leave to

_____

[1]Molly Mullin was voluntarily dismissed without prejudice. (Doc. #34.)

[2] Jason Grice was voluntarily dismissed without prejudice. (Doc. #45.)

amend for failure to meet the pleading requirements of Fed. R. Civ. P. 8, 9 and 10.  (Doc. #45.)  Following dismissal, on July 19, 2012, plaintiff filed his First Amended Complaint against the DJJ and Wansley Walters, Secretary of the DJJ (Walters)(collectively, defendants).

The First Amended Complaint alleges that plaintiff was a Detention Officer with the DJJ from June 2010 through June 16, 2011.  (Doc. #46, ¶1.)  Plaintiff, who worked the day shift, was informed on May 25, 2011, that he would have to work the night shift.  (Id. at ¶2.)  On June 14, 2011, plaintiff made a request for an accommodation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA) to continue working the day shift.[3]  (Id. at ¶3.)  On June 16, 2011, plaintiff received a letter of termination for failure to satisfactorily complete a probationary period.  (Id. at ¶1.)  On June 17, 2011, the day after he was terminated, Svet received a response to his accommodation request that indicated that his request had been denied because it would "create undue hardship for the agency."  (Id. at ¶4.)  On June 21, 2011, defendant Walter's secretary responded to a request from Florida House of Representatives Paige Kreegel indicating that Svet was terminated due to excessive absences and failing to

---

[3]In his First Amended Complaint, Svet does not identify his disability.  However, in his response to the first motion to dismiss (Doc. #37) plaintiff indicated that he had diabetes and because of this disability he cannot work at night.

complete his probationary period.  Plaintiff alleges that he was on medical leave at the time of his termination and that the DJJ had received all medical verification for his leave in a timely manner. (Id. at ¶7.)   On July 27, 2011, Svet filed a Charge of Discrimination with the EEOC asserting that the DJJ retaliated against him in violation of the ADA.  He received a Notice of Right to Sue on January 26, 2012.  (Id. at ¶¶9-10.)

Despite this Court's July 10, 2012, Order requiring plaintiff to adhere to the Court's instructions to assert his claims under separate numbered counts and specifically identify which claims are asserted against which defendant (see Doc. #45), plaintiff has failed to set forth any specific causes of action against the defendants.  Nonetheless, construed liberally, plaintiff seeks to assert a claim under Title I of the ADA and a claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (FMLA).  Both claims appear to be asserted against the DJJ and Walters in her official and unofficial capacities.  Plaintiff seeks $312,000.00 in damages for lost wages and $85,000.00 for hardship, emotional and mental distress.  (Doc. #46, ¶14.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S.

403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)-has been retired by Twombly. James River Ins. Co ., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

Pleadings filed by *pro se* parties are construed liberally. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). This "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleadings in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359,

1369 (11th Cir. 1998)(citations omitted), <u>overruled on other
grounds</u>, <u>see</u> <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010).

### III.

Defendants seek to dismiss Svet's Complaint pursuant to Fed.
R. Civ. P. 12(b)(6) for failure to state a claim upon which relief
may be granted because both the DJJ and Walters are entitled to
Eleventh Amendment Immunity and the only relief sought by plaintiff
is monetary.  Alternatively, defendants seek to dismiss the First
Amended Complaint for failure to meet the pleading requirements set
forth in Fed. R. Civ. P. 8 and 10.  In response, plaintiff contends
that the parties are not entitled to Eleventh Amendment Immunity
because he is a citizen of a foreign country.[4]  In his First
Amended Complaint, Svet contends that the Court should find that
the Eleventh Amendment does not bar a damage claim against the
state because it should find a "narrow 'litigation exception'"
based on the alleged conduct in his case.  (Doc. #46, ¶13.)

As a preliminary matter, Svet has failed to state a claim
against Walters in her unofficial capacity.  State officials acting
in their individual capacity are not personally liable under the
ADA or FMLA.  <u>See</u> <u>Albra v. Advan, Inc.</u>, 490 F.3d 826 (11th Cir.
2007 (ADA); <u>Wascura v. Carver</u>, 169 F.3d 683, 687 (11th Cir.

---

[4]Specifically, Svet alleges that he lives in the state of
Florida but he is not a citizen of Florida.  He further alleges
that the he is a citizen of a foreign country and holds dual
citizenship.  Svet provides no other information.  (Doc. #49, ¶¶6-
7.)

1999)(FMLA).  Accordingly, Svet's claims against Walters in her
unofficial capacity are dismissed pursuant to Fed. R. Civ. P.
12(b)(6).

As to Svet's claims against the DJJ and Walters in her
official capacity, both defendants enjoy Eleventh Amendment
immunity.  The Eleventh Amendment states: "[t]he Judicial power of
the United States shall not be construed to extend to any suit in
law or equity, commenced or prosecuted against one of the United
States by Citizens of another State, or by Citizens or Subjects of
any Foreign State."  U.S. Const. Amend. XI.  Despite its language,
it is clear that the Eleventh Amendment also bars a suit against a
state brought by a citizen of that state.  Hans. v. Louisiana, 134
U.S. 356, 363 (2001); Bd. of Trs. of Univ. of Ala. v. Garret, 531
U.S. 356, 363 (2001).  Thus, regardless of Svet's alleged
citizenship, Eleventh Amendment immunity applies.

Eleventh Amendment immunity from suit in federal court applies
not only to a State itself, but to an "arm of the State," Versiglio
v. Bd. of Dental Exam'rs., 651 F.3d 1272, 1273 (11th Cir. 2011),
and suits against a state officer in his or her official capacity,
Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
The DJJ is an agency created by the State of Florida and is an
"arm" of the State of Florida and Walters, as Secretary of the DJJ,
is a state officer.  Thus, the DJJ and Walters in her official

-6-

capacity are entitled to the same sovereign immunity as the state itself.

Exceptions to Eleventh Amendment immunity exist if a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity, Ex Parte Young, 209 U.S. 123 (1908); Frew v. Hawkins, 540 U.S. 431, 437 (2004); if the State waives its immunity and consents to the suit; or if Congress validly abrogates the State's Eleventh Amendment immunity.  Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55-57 (1996).

Florida has not waived its Eleventh Amendment immunity nor consented to suit in federal court.  Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992)(citing Quern v. Jordan, 440 U.S. 332, 341 (1979)).  Further, Svet does not seek prospective injunctive relief to prevent an ongoing constitutional violation against Walters in her official capacity, thus the exception set forth in Ex Parte Young is not applicable.

Accordingly, plaintiff can only proceed with his claims if Congress has abrogated Eleventh Amendment immunity.  Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and "act[s] pursuant to a valid grant of constitutional authority."  Kimel, 528 U.S. at 73. Congress has expressed its intent to abrogate the States' Eleventh

Amendment immunity when it enacted the ADA.  <u>See</u> 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter").  The Supreme Court has found, however, that Congress did not abrogate the State's rights to Eleventh Amendment immunity in Title I of the Americans with Disabilities Act of 1990, 104 Stat. 330, 42 U.S.C. §§ 12111-12117, for claims for monetary damages. <u>Bd. of Trustees of Univ. of Alab. v. Garrett</u>, 531 U.S. 356 (2001).

Congress has also unequivocally expressed its intent to abrogate the State's Eleventh Amendment immunity under the FMLA. <u>See</u> <u>Coleman v. Court of Appeals of Maryland</u>, 132 S. Ct. 1327 (2012)(The FMLA does express the clear purpose to abrogate the States' immunity); <u>Nevada Dept. of Human Res. v. Hibbs</u>, 538 U.S. 721, 726 (2003)("The clarity of Congress' intent" to abrogate the States' immunity from suits for damages under the FMLA "is not fairly debatable").  However, the Supreme Court has held that this abrogation is not applicable to monetary damages in self-help FMLA cases.  <u>Coleman v. Court of Appeals of Md.</u>, -- U.S. ----, 132 S.Ct. 1327, 1825 L.Ed.2d 296 (2012); <u>see also</u> <u>Garrett v. Univ. of Ala. Bd. of Trs.</u>, 193 F.3d 1214 (11th Cir. 1999), <u>rev'd on other grounds</u>, 531 U.S. 356 (2001); <u>see also</u> <u>Batchelor v. S. Fla. Water Mgmt. Dist.</u>, 242 F. App'x 652 (11th Cir. 2007).

Here, the only relief sought by the plaintiff is monetary. The Eleventh Amendment therefore applies and no exception is available. There is no authority for the Court to find a "narrow litigation exception" requested by Svet.[5]  As a result, Svet's First Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Accordingly, it is now

**ORDERED:**

1.  Motion to Dismiss Plaintiff's Amended Complaint (Doc. #47) is **GRANTED.**  The plaintiff's First Amended Complaint (Doc. #46) is **DISMISSED WITH PREJUDICE.**

2.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

---

[5]The Court notes that Svet alleges in his Complaint that the DJJ and Walters "manipulate the Eleventh Amendment in systematic fashion against federal causes of action" and therefore the so called "narrow litigation exception" should apply.  To the extent that this is an attempt by Svet to assert a Section 1983 claim for conspiracy, the claim fails.  To prove a Section 1983 claim for conspiracy, a plaintiff must demonstrate that the parties "reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy."  Shell v. U.S. Dep't of Housing and Urban Dev., 355 F. App'x 300, 307 (11th Cir. 2009) quoting Bailey v. Bd. of Cnty. Cmm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992).  Svet has not alleged any factual basis that gives rise to a Section 1983 conspiracy claim and the Eleventh Amendment is otherwise applicable to Svet's 1983 claim for monetary damages.